IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01086-PAB-MJW

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

6941 MORRISON DRIVE, DENVER, COLORADO,

Defendant(s).

---

**ORDER REGARDING
PLAINTIFF UNITED STATES' MOTION TO STRIKE CLAIMANT MAES'S SECOND
AND THIRD DEFENSES (DOCKET NO. 34)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff United States' Motion to Strike Claimant Maes's Second and Third Defenses (docket no. 34). The court has reviewed the subject motion (docket no. 34), the response (docket no. 41), and the reply (docket no. 43). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

    2.    That venue is proper in the state and District of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That on April 24, 2012, the Plaintiff United States filed its Verified Complaint for Forfeiture *In Rem* (docket no. 1);

5. That a notice of Verified Complaint for Forfeiture was sent to Claimant Maes on May 1, 2012 (docket nos. 10 and 11);

6. That on September 13, 2012, Claimant Maes filed his Answer to Plaintiff United States' Verified Complaint for Forfeiture In Rem (docket no. 33). In his Answer, Claimant Maes asserted six affirmative defenses;

7. That under Fed. R. Civ. P. 12(f), the court may order stricken from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." United States v. Smuggler-Durant Mining Corp., 823 F. Supp. 873, 875 (D. Colo. 1993). See Stubbs v. McDonald's Corp., 224 F.R.D. 668, 676-77 (D. Kan. 1994) (stating that Rule 12(f)'s purpose "is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial" and striking the allegations at issue as immaterial, impertinent, and prejudicial).

As such, allegations "so unrelated to the plaintiff's claims as to be

3

unworthy of any consideration" should be stricken. United States v. Shell Oil Co., 605 F. Supp. 1064, 1085 (D. Colo. 1985) (quoting EEOC v. Ford Motor Co., 529 F. Supp. 643, 644 (D. Colo. 1982)). Moreover, "[i]n deciding whether to [grant] a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible. . . . Only allegations so unrelated to plaintiff's claims as to be unworthy of any consideration should be stricken. Id. (citations and quotations omitted).

Accordingly, courts are vested with the discretion to grant motions to strike under Rule 12(f) "when the allegations have no bearing on the controversy and the movant can show that he has been prejudiced." Sierra Club v. Young Life Campaign, Inc., 176 F. Supp.2d 1070, 1086 (D. Colo. 2001) (internal citations omitted).

Striking a defense is a "severe remedy," but the purpose is to promote efficiency and avoid "litigating issues that will not affect the outcome of the case." McPherson v. Bachus & Schanker, LLC, No. 10-cv-01768-CMA-KMT, 2011 WL 2415003, at *2 (D. Colo. June 10, 2011) (citations omitted). A defense is insufficient if it cannot succeed under any "set of circumstances." S.E.C. v. Nacchio, 438

4

F. Supp.2d 1266, 1287 (D. Colo. 2006).  Indeed, "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." <u>Waste Management Holdings, Inc. v. Gilmore</u>, 252 F.3d 316, 347 (4th Cir. 2001) (citing 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381, 665 (2nd ed. 1990));

8. That Claimant Maes's Second Defense is legally insufficient because the Controlled Substances Act ("CSA") is not a medical treatment, and there is no fundamental right to obtain narcotics. <u>See</u> <u>United States v. 11843 Hannibal Street</u>, No. 12-cv-01433-REB-MJW, 2012 WL 5392497 (D. Colo. Nov. 5, 2012);

9. That Claimant Maes's Third Defense [First Amendment Defense] is irrelevant to the conduct alleged, the consumption of marijuana is not information, and the First Amendment does not protect criminal conduct in violation of a valid statute.  <u>See</u> <u>id.</u>;

10. That Claimant Maes has failed to demonstrate to this court how his Second and Third Defenses are applicable to the conduct alleged in the Plaintiff United States' Verified Complaint.  The Verified Complaint alleges that the Claimant Maes used 6941 Morrison Drive, Denver, Colorado, to grow marijuana in violation of the CSA and therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).

5

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff United States' Motion to Strike Claimant Maes's Second and Third Defenses (docket no. 34) is **GRANTED**. The Claimant Maes's Second and Third Defenses are **STRICKEN**; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 30th day of November 2012.

 BY THE COURT

 s/Michael J. Watanabe
 MICHAEL J. WATANABE
 U.S. MAGISTRATE JUDGE