IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01086-PAB-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

6941 MORRISON DRIVE, DENVER, COLORADO,

    Defendant.

---

**ORDER ENTERING DEFAULT JUDGMENT**

---

This matter is before the Court on the Motion for Default of Lienholder JPMorgan Chase [Docket No. 54] filed by plaintiff the United States of America (the "United States").[1] Plaintiff requests that the Court enter default judgment[2] in its favor with respect to any right, title, or interest that JPMorgan Chase ("JPMorgan) has in defendant property, 6941 Morrison Drive, Denver, Colorado (the "Property"). Docket No. 54-1 at 2.

On February 22, 2005, JPMorgan recorded a Deed of Trust against the Property in Adams County, Colorado.[3] Plaintiff initiated this action on April 24, 2012, alleging

---

[1] Plaintiff moves for "default" as opposed to "default judgment." Docket No. 54 at 1. However, since the Clerk has already entered default in plaintiff's favor [Docket No. 51], the Court construes this motion as seeking default judgment.

[2] The Property may be more fully described as Pearl Mack Manor, Block 23, Lot 15, Adams County, State of Colorado. Docket No. 1 at 2, ¶ 3.

[3] *See* http://apps.adcogov.org/oncoreweb/Search.aspx and search for Reception No. 2005000175230.

Case 1:12-cv-01086-PAB-MJW   Document 65   Filed 12/09/13   USDC Colorado   Page 2 of 4

that the Property is subject to forfeiture under 21 U.S.C. § 881(a)(7).  Docket No. 1 at 5, ¶ 16.  On April 25, 2012, plaintiff posted a Writ of Entry [Docket No. 9] on the Property.  On May 1, 2012, plaintiff served JPMorgan with notice of these forfeiture proceedings by certified mail, return receipt requested.  Docket No. 12.  Beginning on May 3, 2012, notice of these proceedings was posted on an official government website (www.forfeiture.gov) for at least thirty consecutive days.  Docket No. 45.  On June 20, 2013, plaintiff sent JPMorgan a letter stating that the deadline for contacting plaintiff to negotiate a settlement with respect to the Property was July 15, 2013.  Docket No. 49-1 at 1.  On July 29, 2013, plaintiff filed a motion for entry of default [Docket No. 49] against JPMorgan, which the Clerk of Court granted on August 5, 2013 [Docket No. 51].  The present motion followed on August 20, 2013.  Docket No. 54.  JPMorgan has not responded to it.

On October 3, 2013, JPMorgan filed an Entry of Appearance and Statement of Intent to Defend [Docket No. 62], in which it stated that it was engaged in settlement discussions with the United States with respect to its interest in the property and that, if the parties are unable to reach a resolution, JPMorgan will respond to the motion for default judgment.  JPMorgan has not filed anything since this notice, has not requested an extension of time in which to respond to the motion for default judgment, and has not indicated an anticipated time frame in which it intends to respond, absent a successful settlement agreement.  *Id*.

The decision to enter default judgment is "'committed to the district court's sound discretion. . . .'"  *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. v. Pack–Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir.

2

1997)).  When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits."  *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotations marks and citations omitted).  "[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."  *Id.*  It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights."  *Id.* at 733.

In this case, JPMorgan has not sought relief from the entry of default and has not otherwise participated in the litigation, apart from filing a recent entry of appearance that did not offer any explanation for its delayed entry of appearance or provide any request to extend the time for responding to the United States' motion for default judgment.  A lienholder may not simply sit out the litigation without consequence.  *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure.  We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure.  The threat of judgment by default serves as an incentive to meet this standard.").  One such consequence is that, upon the entry of default, the well-pleaded allegations in the complaint are deemed admitted.  *See Olcott*, 327 F.3d at 1125; *see also* 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed. 2010).[4]

Consequently, JPMorgan has admitted that the Property was used by its owner

---

[4]"Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed. 2010).

3

to grow marijuana.  Docket No. 1 at 3, ¶¶ 9, 11.  Under 21 U.S.C. § 881, all real property "which is used . . . in any manner or part, to commit, or to facilitate" the manufacture or distribution of a controlled substance is "subject to forfeiture to the United States and no property right shall exist" in it.  21 U.S.C. §§ 841(a)(1), 881(7).  Marijuana is a controlled substance.  21 U.S.C. § 812(Schedule I)(c)(10).  The deadline for filing a claim with respect to the Property was July 2, 2012.  *See* Supp. Admiralty & Maritime Claims Rule G(5)(a)(ii)(B) (a claim must be filed "no later than 60 days after the first day of publication on an official internet government forfeiture site").  Accordingly, the well-pleaded allegations in the complaint support a conclusion that the Property is subject to forfeiture to the United States and that JPMorgan no longer has any right, title, or interest in it.  *See* 21 U.S.C. § 881(7).

Wherefore, it is

**ORDERED** that the Motion for Default of Lienholder JPMorgan Chase [Docket No. 54] filed by plaintiff the United States of America is GRANTED.  It is further

**ORDERED** that default judgment is entered against JPMorgan Chase as to its recorded interest in defendant property, 6941 Morrison Drive, Denver, Colorado.  It is further

**ORDERED** that default judgment and forfeiture of defendant property, including all right, title, and interest, shall enter in favor of the United States of America.

DATED December 9, 2013.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge