IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01086-PAB-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

6941 MORRISON DRIVE, DENVER, COLORADO,

    Defendant.

**ORDER**

    This matter is before the Court on the Joint Motion to Vacate Order of Judgment and Default of Lienholder JPMorgan Chase [Docket No. 66] filed by plaintiff the United States of America (the "United States"). The parties request that the Court vacate its Order Entering Default Judgment [Docket No. 65] because, on October 31, 2013, over one month prior to the entry of default judgment, the parties entered into a settlement agreement. Docket No. 66 at 1, ¶ 3. The parties "sincerely apologize for not promptly notifying the Court of the settlement agreement." *Id*. at 2, ¶ 4.

    It is well established that public policy favors the settlement of disputes. *See, e.g.*, *FTC v. Actavis, Inc.*, --- U.S. ----, 133 S.Ct. 2223, 2230 (2013). There are, however, certain instances in which countervailing goals take precedence. The prospect of vacating an order on account of a subsequent settlement that the parties reached in order to avoid the adverse consequences of an unfavorable decision raises particular concerns. *See City of Aurora, Colo. v. PS Sys., Inc.*, No. 07-cv-02371-PAB-

BNB, 2010 WL 2670819, at *1 (D. Colo. July 2, 2010) (noting the risk of "engendering improper advisory opinions by courts" and of "encourag[ing] inefficiencies through repetitive litigation"). Moreover, the public has an interest in judicial precedents, which are "valuable to the legal community as a whole," *Alvarez v. Smith*, 558 U.S. 87, 98 (2009) (internal citation omitted), and in "understanding disputes that are presented to a public forum for resolution." *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *see also Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) ("[c]ourts have long recognized a common-law right of access to judicial records") (internal citation omitted).

These concerns do not pertain here, however. The motion to vacate appears to be the product of oversight and not of an effort to suppress a disfavorable legal precedent. Nevertheless, the parties' failure to notify the Court of their settlement wasted the Court's time in preparing the default judgment order and in now preparing this Order. However, given the general policy favoring settlement, the Court finds that vacating the default judgment is appropriate. Wherefore, it is

**ORDERED** that the Joint Motion to Vacate Order of Judgment and Default of Lienholder JPMorgan Chase [Docket No. 66] is GRANTED. It is further

**ORDERED** that the Order Entering Default Judgment [Docket No. 65] is VACATED. It is further

**ORDERED** that the Default Judgment of Lienholder JPMorgan Chase [Docket No. 67] is VACATED. It is further

**ORDERED** that the Motion for Default of Lienholder JPMorgan Chase [Docket

No. 54] is DENIED as moot. It is further

**ORDERED** that, in light of this Order, plaintiff the United States of America shall file a notice specifying the relief it seeks in United States' Motion for Summary Judgment [Docket No. 50] by **5:00 p.m. on Monday, December 23, 2013**.

DATED December 17, 2013.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge